IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:15MC56 |
| | ) | |
| ELBERT SHIPMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

This matter came before the Court on December 22, 2015, on the Petition of the United States of America, on behalf of the Internal Revenue Service, under the authority of 26 U.S.C. §§ 7402(b) and 7604(a), to judicially enforce an Internal Revenue Summons.

Nathan Strup, Assistant United States Attorney, and Revenue Officer Barry C. Kennedy appeared on behalf of the Petitioner, United States of America. Respondent Elbert Shipman appeared *pro se*.

Along with the Petition, the United States tendered the Declaration of Revenue Officer Kennedy who is a Revenue Officer of the Internal Revenue Service, employed in the Small Business/Self-Employed Division of the Internal Revenue Service, and is authorized to issue Internal Revenue Service summonses pursuant to the authority contained in 26 U.S.C. § 7602, and Treasury Regulations, 26 C.F.R. § 301.7602-1.

1

Based on that Declaration, the Court finds that the Government has made a prima facie showing that:

1) An investigation is being conducted by Revenue Officer Kennedy pursuant to a legitimate purpose; specifically that the summons was issued for the legitimate purpose of investigating the federal income tax liability of Elbert Shipman for the calendar years ended December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2010 and December 31, 2013 as set forth in the Declaration of Revenue Officer Kennedy attached to the Petition;

2) The inquiry made is relevant to the legitimate purpose;

3) The information sought is not already within the IRS's possession and the Respondent, Elbert Shipman, is believed to be in possession and control of testimony and documents concerning the above-described investigation; and

4) The administrative steps required by the Code have been followed. *See United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987).

Elbert Shipman was personally served with a copy of the Petition on May 21, 2015. The Respondent did not file or serve a written response to the Petition nor did he make any motions in response. At the hearing, Respondent Elbert Shipman appeared and consented to the entry of a Recommendation and Order requiring him to appear and produce for examination all documents and records he possesses or controls related to assets, liabilities or accounts held in his name or for his benefit which he wholly or partially owns, or in which he has a security interest.

There is no Department of Justice referral in effect with respect to the Respondent under investigation, as that term is defined in Title 26 U.S.C. § 7602(d).

Based on these determinations, this Court recommends that the Petition by the United States of America be granted and that Respondent Elbert Shipman be ordered to appear and produce for examination the books, papers, records or other data as provided in the summons.

**IT IS THEREFORE RECOMMENDED** that the Petition (Docket Entry 1) be **GRANTED** and that an Order be entered compelling Respondent Elbert Shipman to obey the Internal Revenue Service Summons served on him on May 21, 2015, by producing to IRS Revenue Officer Kennedy, or any other person designated by the IRS, all books, records, papers, and other data that are demanded by the summons and that are in his possession, custody, or control, within 60 days of the date of this Order.

**IT IS FURTHER RECOMMENDED** that Respondent obey and fully comply with the IRS summons at issue in this proceeding by contacting IRS Revenue Officer Kennedy, or any other person designated by the IRS, to schedule his interview at a mutually agreeable time, which interview shall take place after the production of records described above, within 60 days of the date of this Order, and by attending and fully answering all questions asked of him at such interview.

**IT IS FURTHER ORDERED** that the United States Marshal for this District serve a copy of this Order personally upon Elbert Shipman, within 14 days of the date of this Order and Recommendation.

This, the 30th day of December, 2015.

_____
Joe L. Webster
United States Magistrate Judge

4